UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA HILTON, on Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant.<br>_____/ | No. C-13-2167 EMC<br><br>**ORDER TRANSFERRING ACTION TO CENTRAL DISTRICT OF CALIFORNIA** |

## I.    INTRODUCTION

On October 1, 2013, this Court issued an order granting-in-part Defendant Apple Inc.'s Motion to Dismiss or Stay Proceedings. (Dkt. No. 24). The Court concluded that the first-to-file rule applied. Specifically, the Court concluded that the case of *Missaghi v. Apple Inc., et al.*, No. 13-cv-2003-GAF, currently proceeding before Judge Gary Feess in the Central District of California, is an earlier filed action which encompasses the subject matter and parties of the instant case. However, the Court indicated that it was inclined to transfer this action rather than dismiss or stay the case pending resolution of *Missaghi*. Accordingly, the Court issued an order to show cause as to why this action should not be transferred to the Central District of California. (Dkt. No. 24, at 17-18). On October 10, 2013, the parties filed a joint case management statement which included their responses to the order to show cause. (Dkt. No. 25). For the foregoing reasons, the Court **TRANSFERS** this action to the Central District of California pursuant to the first-to-file rule.

## II. **DISCUSSION**

Apple does not oppose transferring this action to the Central District. (Dkt. No. 25, at 1-2). Plaintiff opposes transfer, arguing that this Court should stay the instant action pending resolution of the *Missaghi* case. Plaintiff argues that *Missaghi* likely will be dismissed in the coming weeks, that this case is more conveniently litigated in this district (a fact Apple has previously acknowledged), and that the parties have already agreed to attend private mediation in December 2013.

The first to file rule was developed to "serve[] the purpose of promoting efficiency" and to "avoid placing an unnecessary burden on the federal judiciary." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). The Court finds that these principles would be best served by transferring this action to the Central District of California where it may be able to give this case coordinated treatment with *Missaghi*. Even if *Missaghi* is dismissed in the near future without leave to amend, this action would still be before a court which has gained experience with the allegations relating to the iPhone 4 and 4S and the applicable legal principles involved by virtue of ruling on two substantive motions to dismiss. Accordingly, judicial efficiency is served by transfer.[1]

Further, the Court is not persuaded by Plaintiff's argument that any efficiency gains would be outweighed by the "added costs and burdens" of having this action litigated in the Central District of California. The Ninth Circuit has recognized that questions regarding the respective convenience of the two courts is normally an argument which "'should be addressed to the court in the first-filed action.'" *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)); *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, — F. Supp. 2d — , 2013 WL 5271291, at *3 (N.D. Cal. Sept. 13, 2013) ("The Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a

---

[1] Plaintiff downplays this efficiency gain by arguing that *Missaghi* relies on "different theories and arguments." (Dkt. No. 25, at 4). First, this Court notes that this argument is in tension with Plaintiff's earlier representation of the *Missaghi*'s Second Amended Complaint contained a RICO claim "whose allegations had been quite literally 'copied and pasted' from Hilton's Class Action Complaint." (Dkt. No. 14, at 5). Second, the Court disagrees with Plaintiff's assessment of the *Missaghi* arguments. While it is true that the *Missaghi* plaintiffs raised some distinct arguments, they also raised misrepresentation arguments materially similar to those raised by Plaintiff in the instant action.

determination best left to the court in the first-filed action."). As a result, Plaintiff's convenience argument is properly directed to the *Missaghi* court.

### III. CONCLUSION

For the foregoing reasons, the Court finds that this action should be transferred to the Central District of California based on the first-to-file rule.

IT IS SO ORDERED.

Dated: October 15, 2013

_____
EDWARD M. CHEN
United States District Judge